IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YAOVI TINTIN DONOUVO,

     Petitioner,

v.                                                                                          No. 1:26-cv-00192-KG-KK

PAMELA BONDI, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Salvador Yaovi Tintin Donouvo's Motion to Enforce, Doc. 9, and the Government's Response, Doc. 15. Mr. Donouvo contends that the Government failed to comply with this Court's prior order, Doc. 7. The Court agrees that the hearing failed to satisfy the procedures mandated by its earlier ruling. For the reasons below, the Court grants Mr. Donouvo's motion and orders the Government to release him immediately.

### I.    Background

Mr. Donouvo, a native and citizen of Togo, entered the United States in 2022. Doc. 1 at 7. Upon entry, Immigration and Customs Enforcement ("ICE") detained him, initiated removal proceedings, and released him on his own recognizance. *Id.* In 2025, an Immigration Judge ("IJ") denied his application for relief. *Id.* at 8. Mr. Donouvo's appeal of that decision remains pending. *Id.* For the past four years, Mr. Donouvo has remained compliant with all conditions of release. *Id.* at 8. He has no criminal record and resides in Minnesota. *Id.* at 4, 8. On January 20, 2026, ICE agents arrested Mr. Donouvo and did not provide him a bond hearing. *Id.* at 8. He remains detained at the Torrence County Detention Facility in New Mexico. *Id.*

1

This Court granted Mr. Donouvo's habeas petition and ordered that he receive a bond hearing pursuant to 8 U.S.C. § 1226(a).  *See* Doc. 7 at 1.  The Court concluded that Mr. Donouvo's redetention violated due process because, after DHS released him on his own recognizance, he possessed a protected liberty interest in remaining free from custody absent appropriate procedural safeguards.  *Id.* at 4.  Applying the framework set forth in *Mathews v. Eldridge*, the Court concluded that the proper remedy to this constitutional violation was a bond hearing at which the Government bore the burden of justifying Mr. Donouvo's continued detention by clear and convincing evidence.  *Id.* at 4–5.

Mr. Donouvo contends that the Government "violated" this Court's Order by failing to provide him a hearing that complied with this Court's order.  Doc. 9 at 2.  He points to the IJ's final written bond determination, which states: "The Respondent has not met his burden of showing that he is not a flight risk. The Court denies bond as a matter of discretion."  Doc. 9-3 at 1.  In its response, the Government concedes that "the IJ incorrectly imposed the burden on the Petitioner, instead of the government."  Doc. 15 a 1.  Mr. Donouvo seeks release.  Doc. 9 at 2.

## II.     Analysis

For the reasons below, the Court concludes that (A) it has jurisdiction to review the procedures used at the bond hearing, (B) the IJ did not apply the correct legal standard, and (C) the proper remedy is release.

### A.     The Court has jurisdiction.

First, the Court concludes that it has jurisdiction to consider Mr. Donouvo's claim.  *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction).  The Court acknowledges that, under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment

regarding the application of [8 U.S.C. § 1226]...shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien." But § 1226(e) only bars review of the Attorney General's "discretionary judgment." *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). It does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351–52 (4th Cir. 2022) (noting that Section 1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)"). Consistent with this understanding, district courts across the country have exercised habeas jurisdiction to review challenges to the procedures used in immigration bond hearings. *See e.g.*, *Picado v. Hyde*, 2026 WL 352691, at *4 (D.R.I.); *Said v. Noem*, 2026 WL 295651, at *5 (W.D.N.C.); *Shonhai v. Lowe*, 2026 WL 538865, at *10 (M.D. Pa.).; *Sandesh v. Larose*, 2026 WL 622690, at *5 (S.D. Cal.); *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework reflects a district court's authority to ensure compliance with its own habeas orders. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Here, Mr. Donouvo does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination. Rather, he raises a constitutional claim that the IJ failed to

3

follow the due process requirements set forth by this Court when denying bond. Thus, the Court has jurisdiction to determine whether the IJ complied with the due process requirements.

### B.    The bond hearing failed to comply with this Court's order.

Next, the Court concludes that Mr. Donouvo's bond hearing did not satisfy the due process requirements set forth in this Court's prior Order. "Courts have inherent power to enforce compliance with their lawful orders." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). In granting Mr. Donouvo's habeas petition, this Court ordered a "prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Donouvo is a flight risk or danger to the community." Doc. 7 at 5. That did not occur. Instead, the IJ denied bond because "[t]he Responded *has not met his burden* of showing that he is not a flight risk." Doc. 9-3 at 1 (emphasis added). That error is dispositive.

The Government's argument to the contrary ignores the Order's plain terms. It contends that it "did comply" by "provid[ing] a bond hearing within" the required timeframe, notwithstanding the IJ's procedural error. Doc. 15 at 2. But a hearing that fails to follow the required procedures does not qualify as a bond hearing under the Court's Order.

### III.    Conclusion

Mr. Donouvo's motion to enforce is granted, and release is the proper remedy. The Court's prior order states that "[i]f the Government fails to provide a bond hearing within that timeframe, it must release Mr. Donouvo." Doc. 7 at 5. That directive is clear.

Respondents shall release Mr. Donouvo from custody no later than seven (7) days from the date of this Order. Additionally, Respondents must file a status report within ten (10) days of this Order certifying compliance with this Order.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.